IN THE

# SUPREME COURT OF OHIO,

## DECEMBER TERM, 1875.

PRESENT:

Hon. JOHN WELCH, Chief Justice.
Hon. WILLIAM WHITE,
Hon. GEORGE REX, } Judges.
Hon. WILLIAM J. GILMORE,
Hon. GEORGE W. McILVAINE,

---

## Melissa Rooker v. Nelson Rooker et al.

1. To defeat the title of an innocent purchaser to a note, on the ground of inadequacy of the price paid for it, the inadequacy must be such, under the circumstances, as to impeach the good faith of the purchase.

2. Where the purchaser of such note receives it in part payment of property sold, his title to the note is not affected by the fact that he retains the title and possession of the property sold as security for the unpaid purchase money.

Appeal. Reserved in the District Court of Geauga county.

This action was commenced on the 31st day of January, 1870, to subject certain promissory notes described in the petition to the payment of a decree for alimony, rendered in favor of the plaintiff, against the defendant, Nelson

Rooker, in the Court of Common Pleas of Geauga county at its September term, 1869, and which was in full force and unsatisfied at the commencement of this action.

The petition states that at the time of the rendition of the decree for alimony, the defendant, Rooker, was the owner of the promissory notes described, and combining and confederating with the defendants, Emmit H. Hickox and Talcott C. Carpenter, to defraud the plaintiff, and hinder and delay the collection of her decree, fraudulently and without consideration transferred certain of the notes described in the petition to Carpenter, who had knowledge of the fraudulent intent and purpose of Rooker and Hickox, and who now pretends to be the owner of the notes so transferred. The prayer of the petition is that the parties be restrained from selling or otherwise disposing of the notes, and for other proper relief.

The defendant, Carpenter, answered, denying the allegations of the petition as to all fraud or knowledge of fraud charged on his part, and averring that the notes described were sold, transferred and delivered to him by Hickox for a good and valuable consideration, and that he is the legal owner thereof. The trial in the court of common pleas resulted in a decree in favor of the plaintiff, from which an appeal was taken by the defendant, Talcott C. Carpenter, to the district court.

On the hearing in the district court of the issues joined between the plaintiff and the defendant, Carpenter, that court found, in substance, that five of the promissory notes described in the petition, all of which were negotiable and one past due, of the face value of $1,989, were at the time of the decree for alimony the property of Nelson Rooker, who, for the purpose of defrauding the plaintiff and preventing her from subjecting the same to the payment of her decree, transferred and delivered them to Emmit H. Hickox, who received and held them for a like purpose, and who, with a like intent, on the 30th day of September, 1869, at which time interest had accrued on the notes to the amount of $137, transferred and delivered them to the defendant,

Carpenter, in part payment of a house and lot in Sturges, Michigan, bought by Hickox of Carpenter and wife for $4,000, in payments as follows: $1,800 in hand, $1,100, September 30, 1871, and $1,100 September 30, 1872, with interest at ten per centum per annum; that Carpenter and wife were to execute and deliver a deed for the premises to Hickox on the payment of the $1,100 due September 30, 1871, at which time possession was to be given to Hickox and the deferred payment secured by mortgage of the premises sold; that the notes were credited on the contract of sale at a valuation of $1,800, which was the only payment made on the contract at the commencement of this action; that the value of the premises sold was $4,000; that the contract contains a stipulation of forfeiture at the option of Carpenter on the failure of Hickox to perform on his part; that the contract was entered into by Carpenter in good faith, and that the notes were received by him, in part performance of the contract on the part of Hickox, in like good faith without notice of any fraud on the part of Rooker or of Hickox. On these facts, the cause was reserved by the district court to this court for decision.

*W. P. Howland*, for plaintiff in error:

From the facts established by the findings of the district court, the burden of showing affirmatively that he received said notes in the ordinary course of business, in good faith, for value, and before due, is thrown upon the defendant, Carpenter. Chitty on Bills, 12 Am ed. 296; *Davis* v. *Bartlett & St. John*, 12 Ohio St. 534; *McKesson* v. *Stanbury*, 3 Ohio St. 156; *Monroe* v. *Cooper*, 5 Pick. 412; *Woodhull* v. *Holmes*, 10 Johns. 230; *Miller* v. *Race*, 1 Burr, 452; *Grant* v. *Vaughn*, 3 Burr, 1516; *Peacock* v. *Rhodes*, 1 Doug. 663; Edwards on Bills, 686.

To maintain this burden, he must show:

1. That on the faith and credit of the notes he purchased them, and paid their fair and reasonable value, in the ordinary course of business. *Bailey* v. *Smith*, 14 Ohio St. 396;

*Hall* v. *Wilson*, 16 Barb. 548; *Bay* v. *Coddington*, 5 Johns ch. 54.

2. That he parted with something of value, or some substantial right, on the faith and credit of these notes, which was paid for them. *Bailey* v. *Smith*, 14 Ohio St. 396; *Roxborough* v. *Messick*, 6 Ohio St. 448; Edwards on Bills, 372, 373; 20 Johns. 636; *Stalker* v. *McDonald*, 6 Hill 93; *White* v. *The Springfield Bank*, 1 Barker, 225.

Hickox could not avoid repaying to Carpenter any part of said notes which the plaintiff may recover, for, as assignor, he impliedly warranted his title to Carpenter. Ed. on Bills, 188, 290; *Herrick* v. *Whitney*, 15 Johns. 240; *Murray* v. *Judah*, 6 Cow. 484; *Morrison* v. *Currie*, 4 Duer, 79; 16 Johns. 201; *Bruce* v. *Bruce*, 1 Marshall, 157; *Dumont* v. *Williams*, 18 Ohio St. 515.

3. He must show that he received the notes before due. The note came into his hands disgraced upon its face, and he took it subject to all the equities and defects of title in the hands of his assignor, Hickox. 3 Kent's Com. 103; Edwards on Bills, 690 and 371; 15 Ohio, 242; 3 Cow. 252; 24 Wend. 97; *Newell* v. *Gregg*, 51 Barb.; 39 Barb. 645; 13 Pet. 65.

*Tinker & Alvord*, for defendant, Carpenter:

1. Carpenter was a *bona fide* purchaser and holder for value of the notes in question; and the plaintiff, as against Carpenter, has no valid title or claim, legal or equitable, to said notes. *Bay* v. *Coddington*, 5 Johns. Ch. 54; *Baily* v. *Smith*, 14 Ohio St. 396; *Gould* v. *Lessie*, 5 Duer, 260; *Roxborough* v. *Messick*, 6 Ohio St. 441; 3 Story on Prom. Notes, secs. 191, 192, 195, and cases cited; 13 East. 180; 20 Pick. 545; 4 Barb. 304; 67 Penn. St. 59; 34 N. Y. 247; 24 Barb. 651; 20 Johns. 637; 2 Kernan, 551; *Lay* v. *Wissman*, 36 Iowa, 305; 6 Hill 93; Edwards on Notes and Bills, 372, 373, and cases cited.

REX, J. From the facts found by the district court, it is quite clear that, however fraudulent the purpose and intent of Rooker and Hickox were, in the transfer of the

notes afterward sold by Hickox to Carpenter, and however fraudulent the intent and purpose of Hickox were, in the sale and delivery of them to Carpenter, such intent and purpose did not in any wise affect the good faith of Carpenter in the transaction.

The notes were all negotiable, and were received by Carpenter from Hickox, without notice of the fraud charged by the plaintiff, for a valuable consideration allowed on his part for them; and, under the well-settled principles of commercial law, Carpenter is the legal holder and owner of them, and, as against Rooker or Hickox, or the creditors of either of them, is entitled to the proceeds thereof.

The fact, as found by the district court, that under the agreement Carpenter was to retain the possession of the property sold until the conditions precedent to the execution and delivery of the deed by Carpenter and wife were performed by Hickox, does not affect Carpenter's title to the notes in question. He had paid value for the notes, by relinquishing a valuable right in the property sold, on the credit thereof.

At the time the notes in question were sold and delivered by Hickox to Carpenter, the note of Harrison L. Conly, of November 10, 1866, for $200, payable to Nelson Rooker, or bearer, two years after date, was past due, and it is claimed by counsel that, being past due, it was dishonored on its face, and the defendant took it subject to all the equities and defects of title which attached to it in the hands of his assignor.

Of this the plaintiff has no right to complain. She had acquired no equity in the note, either before its transfer by Rooker to Hickox or by Hickox to the defendant, and the fact that the defendant holds it subject to any defence the maker, Conly, may have against it, does not entitle the plaintiff to claim an equity in it as the creditor of the payee.

The remaining point urged by counsel, to defeat the title of Carpenter to the notes in question, is the inadequacy of the price paid by him for them.

This question is, as we think, virtually disposed of by the district court in the finding, that the notes were received by Carpenter in part performance of the agreement on the part of Hickox, in good faith, and without notice of any fraud on the part of Rooker, or of Hickox. To defeat the title of Carpenter to the notes, on the ground of inadequacy of the price paid for them, the inadequacy must be such, under the circumstances, as to impeach the good faith of the purchase. The circumstances given in evidence in the district court are not disclosed by the record; but we are bound to presume that they were such as fully sustained the finding by that court of good faith on the part of Carpenter. We are not called upon to review the findings of the district court, but simply to pronounce judgment upon the facts stated in the record.

These facts, in our opinion, entitle Carpenter to a judgment in his favor.

*Judgment for defendant.*

WELCH, C.J., WHITE, GILMORE, and McILVAINE, JJ., concurred.