DAVID BARNET *v.* HOWARD YOUNG, ASSIGNEE OF B. C. BEALL & Co.

Where a bill of exchange was drawn for the sole accommodation of the payees, and accepted by the drawee for the same purpose, and, owing to the insolvency of the payees, the acceptor was compelled to pay the bill, and brought an action against the drawers to recover the amount paid —*Held:*

1. That there was no implied obligation on the part of the drawers to reimburse the acceptor.

2. That the drawers and acceptor, as between themselves, in the absence of any understanding to the contrary, were not co-securities for the payees, or liable to contribution.

MOTION for leave to file a petition in error to reverse the judgment of the District Court of Preble county.

The action below was brought by David Barnet against Howard Young, assignee of B. C. Beall & Co., to compel the latter as such assignee to accept and allow as a valid claim against his assignors the sum of $4,000, on a statement of facts contained in the petition, of which the following are all that are necessary to an understanding of the questions raised :

" On the 6th day of December, 1873, the said B. C. Beall & Co. drew their certain bill of exchange, of which the following is a copy :

" ' $4,000.          EATON, *December* 6, 1873.

" ' Ninety days after date of this first of exchange pay to the order of Barnets & Whiteside, at the Second National Bank of Cincinnati, four thousand dollars, value received, and charge the same to account of     B. C. BEALL & Co.

" ' To DAVID BARNET, *Camden, Ohio.*' "

Which was accepted by the plaintiff (David Barnet), and indorsed, " Barnets & Whiteside."

" Plaintiff says that at the time he accepted the said bill of exchange, he was not indebted to any of the parties to said bill in any sum, and he accepted the same as accommodation acceptor for Barnets & Whiteside, without consideration, which facts were well known to the said B. C. Beall & Co., who were accommodation drawers for Barnets & Whiteside at the time they drew said bill, and they knew that if plaintiff accepted said bill he would accept the same without consideration and as accommodation acceptor for Barnets & Whiteside only."

It was further averred, in substance, that the bill was discounted—protested for non-payment at maturity, of which all the parties to the bill had notice—that afterward, Barnets & Whiteside having become bankrupt, the bill was paid by the plaintiff, of which fact the drawers had notice. That the claim had been duly probated and presented to the assignee for allowance, and by him rejected.

A general demurrer to the petition was sustained by the court of common pleas, and judgment entered in favor of the assignee (defendant) for costs. On error the district court affirmed this judgment. This is a motion for leave to file a petition in error to reverse the judgment of the district court, on the ground that it erred in affirming the judgment of the court of common pleas.

*Campbell & Gilmore*, for the motion, cited: 2 Parsons on Notes and Bills, 459; 7 La. 95; 1 Daniels on Neg. Insts. 395, sec. 532; Chitty on Bills, *537; 2 Daniels on Neg. Insts. 306, secs. 1335, 1336.

*Foos & Fisher*, contra, cited : 3 Kent's Com. *86; *Fentum* v. *Pocock*, 5 Taunt. 192 ; *Church* v. *Barlow*, 9 Pick. 547; *Aiken* v. *Burkley*, 2 Speer (S. C.) 747 ; *Williams* v. *Bosson & Bro.*, 11 Ohio, 62; *Kelly* v. *Few*, 18 Ib. 441 ; *Wright* v. *Garlinghouse*, 26 N. Y. 539 ; *Douglass* v. *Waddle*, 1.Ib. 413; 1 Parsons on N. and B. 326, 460 ; *Thurman* v. *Van Brunt*, 19 Barb. 409.

GILMORE, J. This action was brought under the statute to compel the assignee of the drawers to accept as valid the claim of the plaintiff set forth in the petition. If the facts stated in the petition would have entitled the plaintiff to recover against the drawers, either the whole amount paid by him in taking up the bill, on the ground that there was an implied obligation on the part of the drawers to refund to the acceptor the money so paid, or a moiety of the amount, on the ground that the drawers and acceptor, as between themselves were *co-sureties* for the payees, and bound to contribute equally to the payment of the bill, then the demurrer should have been overruled, otherwise it was properly sustained.

The first question is : Was the plaintiff, on the facts stated, entitled to have the whole amount of his claim allowed as valid against the drawers ?

It is conceded by counsel for plaintiff that if the bill of

exchange in question had been a regular business bill for value, the acceptor would have been the principal debtor, and the drawers only sureties; and that upon such a bill the acceptor, upon payment, would have had no recourse upon the drawers.

But the ground upon which the right to the relief asked is placed is in effect this : That both the drawers and acceptor of the bill became such without consideration, and for the sole accommodation of the payees, and that in such a case, *as between themselves*, the drawers must be regarded as principal debtors, and the acceptor as a surety, and that the latter, having paid the money as surety, may look to the former as principal debtors for reimbursement. An examination of the facts stated in the petition shows that there was no contract or understanding between the drawers and acceptor as to the terms, as between themselves, upon which they became parties to the bill. It is true that it is averred that the drawers had knowledge of the facts under which the drawee accepted the bill; but mere knowledge on the subject, unaccompanied by any word or act of the drawers, can not affect the rights or liabilities of the parties to the instrument. It follows that the bill of exchange itself was the only contract between the drawers and acceptors, and their rights and liabilities are to be determined by the legal effect of the instrument, unaffected by the other facts stated in the petition.

The contract of these parties, as evidenced by the instrument, was, on the part of the drawee and acceptor, an absolute promise to pay the bill, according to its tenor and effect, to the payees or their order; on the part of the drawers it was a conditional obligation to pay, *i. e.*, that they would pay it if the drawee failed to accept or failed to pay it, on being duly notified of such failures. This being the nature of their respective obligations, as understood wherever this species of commercial paper is in use, it will be seen that it would be a subversion of the law to hold that the drawer of a bill of exchange.in the usual form could by any possible interpretation of the instrument itself be-

come responsible to the drawee who had accepted and paid the bill. The claim of the plaintiff in this respect was, therefore, wholly untenable.

The second question is : Were the drawers and acceptor, as between themselves, co-sureties for the payees, and bound to contribute equally to the payment of the bill ?

It has above been said that the facts stated in the petition, as existing in connection with the execution of the bill, do not show that there was a contract or understanding between the drawers and acceptor, outside of the bill itself, that would have the effect of *expressly* changing their liabilities as fixed by the legal effect of the instrument ; and the remaining inquiry is : As between themselves, will the relation of *co-sureties* for the payees be *implied* from the facts stated in the petition ?

Under the general rules of commercial law the legal relations of parties to bills of exchange and negotiable promissory notes are well understood. The acceptor stands in the same relation to a bill of exchange that the maker does to a negotiable promissory note, viz., both are primarily liable, and the liability of other parties to these instruments is ordinarily fixed by the order in which they became parties to them ; and no implication arising from extrinsic facts will be permitted in order to change or modify the order or extent of liability as between the parties themselves.

But in this state, while the general rules of the commercial law in this respect are applicable in determining the liabilities of parties to bills of exchange, as between themselves, these rules do not apply as between accommodation indorsers of negotiable promissory notes before they become operative by transfer, as will appear by reference to the decisions cited below.

In *Douglass* v. *Waddle*, 1 Ohio, 413, the court said : "Where there are two or more indorsers upon an accommodation note, all of whom indorsed before the note became operative by being transferred to some person not a party, for value received, and all of whom are charged by

notice of demand and non-payment, they shall be treated as co-securities, and contribution shall be made between them as such."

Although the doctrine thus laid down and applied to promissory notes is not in accord with the great weight of authority on the subject, yet the length of time that has elapsed since the decision was made, its having been subsequently recognized by this court without questioning its correctness, and the fact that the rule as to this class of commercial paper is and has been long understood in the state, all unite in requiring the decision to remain undisturbed.

It is claimed by counsel for plaintiff in error that the same rule should be applied as between themselves to parties to a bill of exchange, who became such for the sole accommodation of the payees, before the same was transferred to a third party for value. There is great force in this claim, and if the determination of the question depended upon the application of the doctrine laid down in the case above cited as to the accommodation indorsers of promissory notes, it might be urged that even stronger reasons may exist why the same doctrine should apply to accommodation drawers and acceptors of bills of exchange, where the latter accepts at the written request of the former. But the question is not an open-one in this state. In *Williams* v. *Bosson et al.*, 11 Ohio, 67, the former was an accommodation indorser for the drawer of a bill of exchange, and the latter were the accommodation acceptors for the drawer.

In deciding the case, Lane, C. J., said : " The introduction of bills, as a basis of bank accommodation, has taken place long since the decision of *Douglass* v. *Waddle*. They are of mercantile origin, and the law merchant should govern their use. The right of the indorsee to hold all earlier parties responsible to him is undoubted, and it is plainly our duty to follow these rules, unless bound by our own precedents. But we see no reason to extend the rules of *Douglass* v. *Waddle* beyond the kind of paper to which

local usage had applied it; and it is sufficient evidence that the parties, by adopting paper of a different form, did not rely on its protection." And it was held that, "the indorsers of an accommodation bill are not joint sureties, but are liable to each other in the order of their becoming parties."

It is to be regretted that the general rules of the commercial law are not applicable alike to both classes of business paper in this state, and that a difference in the mere form of the instrument used should operate a difference in the rights and liabilities of accommodation parties thereto, as between themselves.

Still, the distinction is clearly established in the cases above cited, and it would be unwise now to attempt to break it down. Besides, we think the latter case furnishes the sound rule on the subject; and under it the facts stated in the petition are not sufficient to entitle the acceptor to recover of the drawers a moiety of the amount he was compelled to pay, on the ground that they were parties for the accommodation of the payees, and, therefore, co-sureties, and bound to make contribution as between each other.

The demurrer was properly sustained to the petition.

*Motion overruled.*