**FELL AND WOLFE OIL COMPANY,**
Plaintiff in Error,

v.

**The STATE of Oklahoma,** Defendant In Error.

**No. A–15048.**

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1971.

Ungerman, Grabel, Ungerman & Leiter, E. P. Litchfield, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Austin O. Webb, Dist. Atty., Okmulgee County, for defendant in error.

## MEMORANDUM OPINION

BRETT, Judge.

This is an appeal from the County Court of Okmulgee County, Oklahoma, in which the Fell and Wolfe Oil Company, an Oklahoma Corporation, was charged with the offense of "Pollution" under Title 29 O.S. 1962 Supp. § 409. The trial was conducted by the court without a jury, and the company, hereafter referred to as defendant, was found guilty. On October 9, 1968, defendant was assessed a fine of $200.00 plus costs of $17.60; and from that conviction this appeal has been perfected.

In presenting its case the State offered the testimony of four witnesses, each of whom testified that they observed the pipe from which salt water, "a deleterious substance", was observed flowing on the defendant's lease; and which ultimately flowed into "Cane Creek" in Okmulgee County, a tributary to the Arkansas River.

The record also reflects that none of the four witnesses reported the incident to either defendant, or to the Oklahoma Corporation Commission. Among the propositions asserted by the defendant company is that which contests the sufficiency of the information charging defendant with the offense, which fails to allege that such incident was reported to the Oklahoma Corporation Commission as required by Section 409; and, that the defendant failed and refused to comply with any corrective order issued by the Oklahoma Corporation Commission. After reviewing the record and testimony contained therein, we conclude that defendant is correct in their assertion that the statutes were not sufficiently complied with; and that this case should be reversed.

Title 29, Section 409 provides in part as follows:

" * * * Any person, firm or corporation violating the provisions of this Section shall be punished by a fine of not less than One Hundred Dollars ($100.00), nor more than Five Hundred Dollars ($500.00), and each day or part of day during which such action is continued or repeated shall be a separate offense. *Provided,* that the party responsible for the control of any salt water, crude oil or other deleterious substances causing a violating of this Section and resulting from drilling, production, transmission, storage or other operation of the petroleum industry *shall be reported to the Oklahoma Corporation Commission* and if corrective action is not taken immediately *then criminal proceedings shall be had as herein provided.* * * *"
[Emphasis Added]

There is no testimony whatsoever in the record that the alleged pollution was reported to either the defendant company or to the Oklahoma Corporation Commission. On the other hand, the testimony does reflect that the following morning, when the caretakers for the lease arrived at the scene, they found the storage tank empty and the drain faucet open, which they im-

mediately proceeded to correct. They also testified that the faucet was closed when they departed from the lease about 4:00 P.M. the preceding day.

We are of the opinion that Section 409 requires that any violation under this section must be reported to the Oklahoma Corporation Commission; and, if corrective action is not taken immediately, criminal proceedings shall then be commenced. Such report being a condition precedent to the filing of the information, the question of notification becomes an element of the offense, which must be alleged and proved. This was not done in the instant case. In Caroll v. State, Okl.Cr., 347 P.2d 812, (1959) this Court stated:

"It is an elementary principle in criminal jurisprudence that every material fact essential to the commission of a criminal offense must be alleged in the indictment or information."

It is therefore ordered that the conviction of the Fell and Wolfe Oil Company, in the County Court of Okmulgee County, Oklahoma, in case no. 6854, shall be reversed and remanded with instructions to dismiss.

BUSSEY, P. J., and NIX, J., concur.