CRIMES and PUNISHMENT
A District Attorney cannot prosecute a petroleum industry polluter pursuant to 29 O.S. 401 [29-401] (1976), without the violation having first been reported to the Oklahoma Corporation Commission and with no corrective action being taken by the Commission. The Attorney General has received your request for an opinion wherein you ask the following questions: "(1). Can a District Attorney upon proper factual situation prosecute an offender pursuant to 29 O.S. 7-401 [29-7-401] without an intermediate step before the Oklahoma Corporation Commission, notwithstanding that the violation resulted from operation of the petroleum industry; and "(2). If such intermediate step to be taken before the Corporation Commission is required in prosecutions arising and resulting from operation of the petroleum industry, would any other polluter not connected with the petroleum industry nonetheless be successful in quashing information filed against him unless a report had been made through the Oklahoma Corporation Commission, on the grounds that to deny him the right afforded to those in the petroleum industry deny him the equal protection of the laws?" Title 29 O.S. 7-401 [29-7-401] (1976) reads in pertinent part as follows: "A. Except as otherwise provided, no person may deposit, place, throw, or permit to be deposited, placed or thrown, any lime, dynamite or other explosive, poison, drug, sawdust, salt water, crude oil or any other deleterious, noxious or toxic substance in any stream, lake or pond of this state, or in any place where such substances may run or be washed into such waters. ". . . "C. Any person, firm or corporation violating the provisions of this section shall be punished by a fine of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00), and each day or part of day during which such action is continued or repeated shall be a separate offense. Provided, that the party responsible for the control of any salt water, crude oil or other deleterious substances causing a violation of this section and resulting from drilling, production, transmission, storage or other operation of the petroleum industry shall be reported to the Oklahoma Corporation Commission and if corrective action is not taken immediately, then criminal proceedings shall be had as herein provided . . ." That portion of the statute requiring that pollution incidents involving the petroleum industry be reported to the Corporation Commission prior to the filing of criminal charges was added in 1963, prior to the adoption of the new wildlife code, and was codified as 21 O.S. 409 [21-409] (1971). This section was discussed by the Oklahoma Court of Criminal Appeals in the case of Fell and Wolfe Oil Company v. State, Okl. Cr., 480 P.2d 277 (1971), in which the Court reversed and remanded with instructions to dismiss the defendant corporation's conviction. In this case pollution charges were brought under the provisions of 29 O.S. 409 [29-409] (1967), and the Court stated: "We are of the opinion that Section 409 requires that any violation under this section must be reported to the Oklahoma Corporation Commission; and, if corrective action is not taken immediately, criminal proceedings shall then be commenced. Such report being a condition precedent to the filing of the information, the question of notification becomes an element of the offense, which must be alleged and proved." This decision is determinative of the answer to your first question and dictates that it be answered in the negative. As to your second question, a motion to quash an information would be addressed to the sound discretion and judgment of the District Judge hearing the case. The matters raised in your second question would undoubtedly be considered by the judge but a resolution of them in an opinion of the Attorney General would be premature and a potential invasion of the judicial province.
It is, therefore, the opinion of the Attorney General that a District Attorney cannot prosecute a petroleum industry polluter pursuant to 29 O.S. 401 [29-401] (1976), without the violation having first been reported to the Oklahoma Corporation Commission and with no corrective action being taken by the Commission. (JAMES R. BARNETT)