Dear Senator Trish Weedn
¶ 0 This office has received your request for an Opinionaddressing, in effect, the following question: May the OklahomaWildlife Conservation Commission promulgate a rule that restrictsor prohibits running dogs for sport on a Wildlife ManagementArea?
¶ 1 The Oklahoma Wildlife Conservation Commission (the "Commission") is an "advisory, administrative and policymaking board for the protection, restoration, perpetuation, conservation, supervision, maintenance, enhancement, and management of wildlife in this state. . . ." 29 O.S. 3-103(A) (1998). The Commission prescribes "rules and policies for the transaction of its business and the control of the Department" of Wildlife Conservation. 29 O.S. 3-103(B)(4) (1998). The Commission is further charged with the duty to "[s]upervise the establishment, extension, improvement, and operation of the wildlife refuges, propagation areas or stations, public hunting areas, public fishing areas, game management areas, and fish hatcheries" and to "[r]egulate the seasons and harvest of wildlife". 29 O.S. 3-103(B)(8)/29 O.S. 3-103(B)(15) (1998).
¶ 2 At issue in this question is whether the Commission has statutory authority to promulgate a rule that would restrict or prohibit the running of dogs for sport on Wildlife Management Areas. It is essential to the validity of administrative rules that the agency making them be fully authorized to do so either by statutory provision or by implication. See W.S. Dickey ClayMfg. Co. v. Ferguson Inv. Co., 388 P.2d 300, 303 (Okla. 1963). The Commission is authorized to promulgate rules for the "transaction of its business," including rules that govern the operation of Wildlife Management Areas and the seasons for harvest of wildlife under Section 3-103 of the Oklahoma Wildlife Conservation Code (the "Code"). 29 O.S. 1-101-29 O.S.9-105/29 O.S. 1001-29 O.S. 1002 (1991-1998).
¶ 3 Section 29 O.S. 7-304(A) of the Code also prohibits entering a Wildlife Management Area with a dog except as otherwise provided by law or authorized by resolution of the Commission. Section 29 O.S. 7-304(A) specifically provides "except as otherwise provided by law, no person may enter upon any state or federal wildlife refuge or Wildlife Management Area with dog, gun or bow." Subsection B of that section provides: "[e]xceptions to the above provisions are when the Commission . . . may by resolution permit: (1) The holding of field trials by duly authorized sportsmens clubs; or (2) Such hunting, killing or trapping of wildlife from such refuge or Wildlife Management Area[.]"
¶ 4 Accordingly, no person may enter a Wildlife Management Area with a dog unless, prior to entry, the Commission passes a resolution that authorizes holding field trials or hunting, killing, or trapping wildlife on the Wildlife Management Area. However, the Commission's specific authority to regulate entry into Wildlife Management Areas with dogs is limited by the phrase "except as otherwise provided by law." 29 O.S. 7-304(A) (1998). An agency's "authority to make rules under statutory authority is limited to the authority granted by those statutes, and such rules may not be contrary to those statutes." Heiman v. AtlanticRichfield Co., 891 P.2d 1252, 1257 n. 2 (Okla. 1995). Thus, if any other provision of law authorizes running dogs for sport on Wildlife Management Areas, the Commission could not restrict that activity by resolution and rulemaking.
¶ 5 Under the Code, certain seasons are declared open to taking or hunting protected wildlife by statutory provision and, in the absence of statutes, the open seasons are established by resolution of the Commission pursuant to Section 5-401. See 29O.S. 2-126. Section 29 O.S. 5-401 authorizes the Commission to "prescribe rules necessary to the proper conduct and policing of such open season, the amount and kind of wildlife that may be taken, and the dates and time limits of such season". 29 O.S. 5-401(C) (1998).
¶ 6 The term "protected wildlife" is defined by Section 29O.S. 2-133 as "all wildlife which is accorded some measure of protection in the time or manner of taking other than restrictions in the use of lights or poison". The term "taking" is defined by the Section 29 O.S. 2-118 of the Code to be synonymous with the term "hunting", and includes:
 [P]ursuing, killing, capturing, trapping, snaring and netting wildlife, and all lesser acts such as disturbing, harrying, worrying or placing, setting, drawing or using any net, trap or other device used to take wildlife and includes specifically every attempt to take and every assistance to other persons in taking or attempting to take wild animals, except that the definitions of taking and hunting wildlife shall not include disturbing, harrying or worrying wild game in field trials or performance tests of dogs nor the act of any person in participating as owner, handler, trainer, official or member of an audience observing such trials, whether resident or nonresident, where wild game is not killed. (Emphasis added).
¶ 7 The running of dogs for sport involves the use of dogs to chase, but not kill, certain furbearing animals, including fox, bobcat and raccoon. Furbearers are "protected wildlife" within the meaning of Section 29 O.S. 2-126 of the Code and are, therefore, subject to certain season and harvest restrictions under the Code and Commission rules. Running dogs for sport falls within the definition of hunting or taking under the Code because it involves disturbing, harrying, or worrying wildlife. 29 O.S. 2-118 (1998). See also 29 O.S. 2-149.1 (1998).
¶ 8 The statewide open season for furbearers is established by Section 29 O.S. 5-405 of the Code. Section 29 O.S. 5-405(A) provides "[e]xcept as otherwise provided, no person may hunt, kill, capture or otherwise take or destroy any furbearer, except from December 1 to January 31, both dates inclusive". Section 29O.S. 5-405(D) provides "[n]othing contained in these provisions shall prevent the killing of furbearers actually found destroying livestock, poultry or exotic livestock, nor the running orchasing of fox, bobcat and raccoon with dogs for sport only." (Emphasis added.)
¶ 9 In determining whether Section 29 O.S. 5-405 creates an exception to the prohibition on entering a Wildlife Management Area with a dog, the language of the statutes should be examined to ascertain the intent of the legislature. See, e.g., GrandRiver Dam Auth. v. State, 645 P.2d 1011, 1018 (Okla. 1982). When a statutory section contains an ambiguity or is susceptible to more than one interpretation, related sections must be considered and legislative intent determined from the whole statutory scheme. See In re Holt, 932 P. 2d 1130, 1135 (Okla. 1997).
¶ 10 In this instance, the language of Section 5-405 demonstrates that the legislature intended to exempt running dogs for sport only from the statewide open season for hunting furbearers. Subsection (A) of Section 29 O.S. 5-405(A) establishes the statewide open season for hunting furbearers and Subsection (D) provides "[n]othing contained in theseprovisions shall prevent . . . the running or chasing of fox, bobcat and racoon with dogs for sport only". (Emphasis added). By using the terms "in these provisions" in Subsection (D), the legislature expressed its intent to exempt running dogs for sport only from the general open season for furbearers and not from regulation throughout the entire Code.
¶ 11 If the legislature had intended to exempt running dogs for sport from all hunting regulations issued under the Code, it would have simply exempted the activity from the definition of "hunting or taking" as it did with field trials or it would have used the phrase "the provisions of this Code" as it does to exempt other activities throughout the Code. Instead, the legislature included running dogs for sport within the definition of hunting and exempted the activity only from the general furbearer hunting season.
¶ 12 Further, although the hunting season for furbearers is established by Section 5-405 of the Code, this season is general and applies to all hunting across the state. In contrast, Title29 O.S. 7-304 relates specifically to Wildlife Management Areas and prohibits all hunting with a dog, gun or bow on these areas absent authorization by the Commission. The intent of Section 7-304 is to provide a mechanism for the Commission, in its discretion, to regulate hunting on Wildlife Management Areas in a manner different from the rest of the state.
¶ 13 Because the restrictions in Section 29 O.S. 7-304
specifically prohibit all hunting on Wildlife Management Areas, the rules of statutory construction dictate that the more specific statute will control and serve as an exception to the statute of general applicability. See Duncan v. City of NicholsHills, 913 P.2d 1303, 1310 (Okla. 1996). Thus, no hunting with a dog, gun or bow is allowed on these areas unless the Commission authorizes an open season under Section 7-304. Section 5-405 only exempts running dogs for sport from the general hunting season provision for furbearers. It does not create an exemption to the general prohibition on entering Wildlife Management Areas with dogs under Section 7-304.
¶ 14 Because Section 29 O.S. 7-304 prohibits hunting, killing or trapping wildlife except as permitted by resolution of the Commission and the definition of hunting includes running dogs for sport, running dogs for sport on Wildlife Management Areas is prohibited unless authorized by Commission resolution. If the Commission does not pass a resolution opening the hunting season to running dogs for sport, no person may enter a Wildlife Management Area for that purpose. The Commission may also pass rules, pursuant to Section 29 O.S. 5-401(C) of the Code, for the purpose of policing the open season, regulating the amount and kind of wildlife that may be taken, and establishing the dates and time limits of such season.
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Oklahoma Statute, 29 O.S. 7-304 (1998), prohibits runningdogs for sport on Wildlife Management Areas, unless the OklahomaWildlife Conservation Commission passes a resolution specificallyauthorizing such activity or opens the hunting season forfurbearers on the area. The Oklahoma Wildlife ConservationCommission may also pass rules for the purpose of policing theopen season, regulating the amount and kind of wildlife that maybe taken, and dates and times limits of the season under Title29 O.S. 5-401 (1998) of the Oklahoma Statutes.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
KELLY HUNTER BURCH ASSISTANT ATTORNEY GENERAL